**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Shalonda Dansby, | |
| Plaintiff, | Case No.: |
| v. | |
| ABC Financial Corp., | **COMPLAINT WITH JURY TRIAL DEMAND** |
| Defendant. | |

**PRELIMINARY STATEMENT**

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a purported consumer debt. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

**PARTIES**

1.     Plaintiff, Shalonda Dansby, is a natural person who resides in Fulton County, Georgia.

2. Defendant, ABC Financial Corp., is headquartered in Arkansas and does business in Georgia.

3. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims). The Court's jurisdiction over the claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., likewise arises under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.  Pursuant to LR 3.1B(3), NDGa, venue is

proper in the Atlanta Division because the conduct complained of herein occurred in Gwinnett County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is the subscriber for the cellular telephone with the number 678-***-0156 (the "Cell Phone").

8. Prior to June 15, 2015, Plaintiff began receiving calls on her Cell Phone from Defendant seeking the collection of overdue gym membership fees.

9. Defendant's calls to Plaintiff were made from phone number 800-897-6877.

10. Phone number 800-897-6877 is a number that belongs to, is utilized by, or is under the control of the Defendant.

11. Through February, 2016, Plaintiff received at least thirty-six (36) similar calls from the Defendant.

12. When she answered calls from Defendant, she heard pauses and/or clicks and a delay at the beginning of the calls.

13. Upon information and belief, Defendant used an autodialer and or predictive dialing equipment to make its calls to Plaintiff.

14. Prior to June 15, 2015, Plaintiff explicitly and verbally revoked any consent that the Defendant may have had to contact her on her Cell Phone.

15. Subsequent to her revocation of consent, Plaintiff did not provide additional consent for Defendant to contact her.

16. Defendant's calls to Plaintiff had no emergency purpose.

17. Rather, Defendant advised Plaintiff that its calls were for the purpose of debt collection.

18. Plaintiff informed the Defendant on more than one occasion that she was in the midst of a difficult pregnancy and unable to make payment on the account for which it was seeking collection.

19. Plaintiff was unable to avoid or escape Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

20. Once Defendant knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to her Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

21. Plaintiff carries her cell phone at most times to be accessible to her family, friends, and work-place. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends, and work activity.

22. Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, the consumption of "minutes" as contemplated in her cellular service plan that has the end result of Plaintiff paying for the calls initiated by Defendant (the "Cell Charges"), and expenses associated with seeking to enforce Defendant's compliance with the law.

23. Defendant's actions caused the Plaintiff significant emotional distress causing her increased anxiety and worry over the state of her pregnancy.

24. Anxiety and trepidation brought on by Defendant's repeated calls resulted in Plaintiff withdrawing from familial and other personal relationships and caused increased irritability, frustration and aggravation.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227**

26. Plaintiff incorporates by reference paragraphs 1 through 24 as though fully stated herein.

27. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

28. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

29. Defendant knew that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

30. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*

31. Plaintiff incorporates by reference paragraphs 1 through 24 as though fully stated herein.

32. The Plaintiff does not have any debt other than "consumer debt".

33. The Defendant is a third-party billing service that markets itself to health clubs to provide services including the billing and collection of delinquent accounts. Per the Defendant's website, "ABC Financial is committed to delivering industry-specific health club billing, collection, and payment processing that are fully complaint with…all applicable regulatory guidelines." *www.abcfinancial.com/payment-processing* (Last visited June 11, 2016).

34. Defendant's site also touts that its programs are designed to meet the requirements of the Fair Debt Collection Practices Act.

35. The calls initiated by the Defendant to the Plaintiff were for the purpose of collecting an alleged delinquent health club account owed to a third party entity.

36. Upon information and belief, Defendant failed to send written verification of the alleged debt in violation of 15 USC §1692g.

37. Plaintiff informed the Defendant on more than one occasion that she was in the midst of a difficult pregnancy and unable to make payment on the account for which it was seeking collection.

38. Defendant's continued calls after knowing Plaintiff's physical condition and financial inability to pay were made for the purpose of harassment and abuse

and in violation of 15 U.S.C. §§ 1692d and 1692f.

## COUNT III

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT**
**O.C.G.A. § 10-1-393(a)**

39. Plaintiff incorporates by reference paragraphs 1 through 25 and 34 through 38 as though fully stated herein.

40. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

41. It was unfair for Defendant to call Plaintiff's Cell Phone repeatedly, without consent, for the purpose of attempting to collect a debt when Defendant had actual knowledge of the Plaintiff's impaired physical condition and financial inability to make any payment at all.

42. It was unfair for Defendant to continue to contact Plaintiff after she requested that Defendant stop contacting her.

43. Defendant's actions have interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

44. As pled above, Plaintiff was harmed by Defendant's unfair conduct.

45. Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

46. Upon information and belief, repeated and unauthorized calls to consumers are Defendant's modus operandi for debt collection and is done on a wide scale.

47. Defendant's conduct amounts to an unfair business practice.

48. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

49. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving the Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

50. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

51. As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

52. Defendant's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

53. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Actual damages;

b.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

c.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

d.) Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k and O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted, this 15th day of June, 2016.

*/s/ Matthew T. Berry*
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Samantha Tzoberi, Bar No.: 140809
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com
stzoberi@mattberry.com